# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JON MILLS                                                                      PETITIONER


v.                             NO. 5:13CV00185 JLH/HDY


RAY HOBBS, Director of the                                          RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

The record reflects that in January of 1995, petitioner Jon Mills ("Mills") was convicted in Saline County, Arkansas, Circuit Court of "rape and sexual abuse against two young boys." See Mills v. State, 321 Ark. 621, 906 S.W.2d 674, 674 (1995). He was sentenced to the custody of respondent Ray Hobbs ("Hobbs") for "concurrent terms of life imprisonment and ten years." See Id. In the years that followed, Mills filed several petitions pursuant to 28 U.S.C. 2254 challenging his 1995 convictions, the most recent petition having been filed in July of 2008 in Mills v. Norris, 5:08CV00188 BRW.[1]

In June of 2013, Mills filed the petition at bar pursuant to 28 U.S.C. 2254. In the petition, he challenged his 1995 convictions yet again. Hobbs responded to the petition by filing the pending motion to dismiss in which he maintained that the petition should be dismissed because it is an unauthorized successive petition "for which jurisdiction does not lie." See Document 9 at 2. Mills responded to the motion by filing a nonsensical response.

The filing of a successive petition pursuant to 28 U.S.C. 2254 is governed by 28 U.S.C. 2244(b). It provides, in part, that before a successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

---

[1]

United States District Judge Billy Roy Wilson dismissed the petition in 5:08CV00188 in September of 2008, and the Court of Appeals thereafter denied Mills' petition for authorization to file a successive habeas application in the district court.

-3-

The petition at bar is clearly a successive petition as Mills has previously challenged his 1995 convictions by means of a petition pursuant to 28 U.S.C. 2254. 28 U.S.C. 2244(b) applies to the petition at bar, and the permission of the Court of Appeals is required before the petition can be considered by the district court. Has he obtained the permission of the Court of Appeals to file this petition? He has not. Because he does not have permission to file the petition at bar, it should be dismissed.[2]

The undersigned therefore recommends that Hobbs' motion to dismiss be granted and Mills' petition be dismissed. All requested relief should be denied, and judgment should be entered for Hobbs. A certification of appealability should also be denied

DATED this    2    day of August, 2013.


_____
UNITED STATES MAGISTRATE JUDGE

---

[2]

Two concluding points are in order. First, there are exceptions to the rule requiring the permission of the Court of Appeals before a successive petition may be filed, e.g., approval is not required when the prior petition was dismissed for failure to exhaust, see Slack v. McDaniel, 529 U.S. 473 (2000); or when the prior petition was dismissed as premature, see Stewart v. Martinez-Villareal, 523 U.S. 637 (1998). The petition at bar does not satisfy any exception to the rule.

Second, in Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), Judge Wilson chose not to dismiss a petitioner's successive petition but instead ordered that the petition be construed as a motion to proceed with a successive petition and be transferred to the Court of Appeals. Mills' petition should not be treated likewise, primarily because he was previously notified of his obligation to request and obtain the permission of the Court of Appeals before filing the petition at bar.